O

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. EDCV 09-860-VAP (***EDCR 08-114-VAP)*** |
| Plaintiff/Respondent, | **[Motion filed on May 4, 2009]** |
| v. | **MEMORANDUM AND ORDER DENYING RESPONDENT'S MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE OR SET ASIDE CONVICTION** |
| RAMON INZUZA GIL, | |
| Defendant/Petitioner. | |

19                    **I.   SUMMARY OF PROCEEDINGS**

20      On May 4, 2009, pro se Petitioner Ramon Inzuza Gil

21 filed a "Motion for Reduction of Sentence by an Inmate in

22 Federal Custody" pursuant to 28 U.S.C. § 2255.  On May

23 30, 2009, Respondent United States of America filed an

24 Answer to the Motion.  Petitioner filed a Reply on June

25 25, 2009.

26

27

28

## II.   BACKGROUND

On June 18, 2008, a federal grand jury returned a single-count indictment against Petitioner.  The indictment charged Petitioner with a violation of 8 U.S.C. § 1326(a), b(2), being an illegal alien found in the United States following deportation.

On August 4, 2008, Petitioner pled guilty.  On November 17, 2008, the Court sentenced Petitioner to 60 months of imprisonment.  Petitioner did not appeal from his conviction or his sentence.

## III.   PETITIONER'S CONTENTIONS

Giving the § 2255 Motion a liberal construction, Petitioner asserts a claim for ineffective assistance of counsel.  Petitioner claims his counsel "fail[ed] to object to the disparity in Defendant[']s sentence, since other Defendants were getting 4 points deduction under the fast track policy in the same court and for the same crime the Defendant was convicted and sentence[d] for." (See § 2255 Mot. at 5.)  In other words, Petitioner claims his counsel should have sought a fast track disposition of his case at sentencing, even though the government did not offer it, because it would have resulted in a downward departure of offense level and lower sentence under the advisory United States Sentencing Guidelines, consistent with the sentences

1 | received by similarly situated defendants.  (<u>Id.</u> ("I

2 | asked Counsel Kay Otani to ask for the fact track policy

3 | 4 point downward departure [at sentencing], but he answer

4 | [sic] that the D.A. would get mad."); Reply at 3-5.)

5 |

6 |     Furthermore, Petitioner claims his sentence runs

7 | afoul to one of the sentencing factors, 18 U.S.C. §

8 | 3553(a)(6): "the need to avoid unwarranted sentence

9 | disparities among defendants with similar records who

10 | have been found guilty of similar conduct."  (<u>Id.</u> at

11 | "Attachment for Ground One.")  As a result of his

12 | counsel's ineffective assistance, Petitioner claims his

13 | "sentence is 14 months steeper than it should be and he

14 | prays this court would correct his sentence."  (<u>Id.</u>)

15 |

16 | **IV. LEGAL STANDARD**

17 |     Pursuant to section 2255,

18 |     [a] prisoner in custody under sentence of a

19 |     court established by Act of Congress claiming

20 |     the right to be released upon the ground that

21 |     the sentence was imposed in violation of the

22 |     Constitution or laws of the United States, or

23 |     that the court was without jurisdiction to

24 |     impose such sentence, or that the sentence was

25 |     in excess of the maximum authorized by law, or

26 |     is otherwise subject to collateral attack, may

27 |

28 |

1    move the court which imposed the sentence to

2       vacate, set aside or correct the sentence.

3  28 U.S.C. § 2255(a).

4

5       The petitioner bears the burden of establishing any

6  claim asserted in his § 2255 motion.  To warrant relief

7  because of constitutional error, the petitioner must show

8  that the error was one of constitutional magnitude which

9  had a substantial and injurious effect or influence on

10  the proceedings.  See Hill v. United States, 368 U.S.

11  424, 428 (1962).

12

13                      **V. DISCUSSION**

14       In his Motion, Petitioner requests that his sentence

15  be reduced to the term of imprisonment that would have

16  been imposed if the Court had applied a downward

17  departure for a "fast-track" case.  (See § 2255 Mot. at

18  5, "Attachment for Ground One.")  The basis for his

19  Motion rests solely on his claim of ineffective

20  assistance of counsel.  (See id. at 5.)

21

22       As the U.S. Supreme Court has held, "the proper

23  standard for attorney performance is reasonably effective

24  assistance of counsel."  Strickland v. Washington, 466

25  U.S. 668, 687 (1984).  To establish ineffective

26  assistance of counsel, Petitioner must prove (1)

27  "counsel's representation fell below an objective

28

                             4

1  standard of reasonableness," and (2) there is a

2  reasonable probability that, but for counsel's errors,

3  the result of the proceeding would have been different.

4  Id. at 688, 694.  "A reasonable probability is a

5  probability sufficient to undermine confidence in the

6  outcome."  Id. at 694.  Under the second component,

7  Petitioner must demonstrate his attorney's errors

8  rendered the result unreliable or the proceedings

9  fundamentally unfair.  Fretwell v. Lockhart, 506 U.S.

10  364, 372 (1993); Strickland, 466 U.S. at 694.

11

12     A claim of ineffective assistance of counsel requires

13  proof of both of these elements.  "[A] court need not

14  determine whether counsel's performance was deficient

15  before examining the prejudice suffered by the

16  defendant....  If it is easier to dispose of an

17  ineffectiveness claim on the ground of lack of sufficient

18  prejudice ... that course should be followed."

19  Strickland, 466 U.S. at 697.

20

21     Petitioner argues his counsel's performance was

22  deficient because the latter failed to raise the fast-

23  track sentencing disparity issue with the Court at the

24  sentencing hearing.  (See § 2255 Mot. at 5.)  He contends

25  his counsel's performance "became constitutionally

26  deficient, undermining the proper function of the

27

28

5

1 adversarial process so the proceedings cannot be relied

2 upon as having produce[d] a just result."  (Reply at 4.)

3

4      In Opposition, the Government argues defense

5 counsel's performance was neither deficient nor

6 unreasonable.  The Government shows defense counsel

7 inquired about whether the prosecution would offer a

8 "fast-track" disposition to Petitioner at an early stage

9 in the case.  (See Opp'n at 3, 5-6; McLaughlin Decl. ¶ 2-

10 5.)  After considering defense counsel's inquiry, the

11 Government decided not to offer Petitioner an early

12 disposition plea offer under the so-called "fast-track"

13 program.  (Id.)

14

15      "The fast-track program allows federal prosecutors to

16 offer shorter sentences to defendants who plead guilty at

17 an early stage in the prosecution and agree to waive

18 appeal and other rights.  In 2003, Congress explicitly

19 authorized downward sentencing departures for fast-track

20 programs ...."  United States v. Gonzalez-Zotelo, 556

21 F.3d 736, 739 (9th Cir. 2009).

22

23      Petitioner has failed to meet either of the two

24 Strickland prongs, much less both.  First, his counsel's

25 performance was not deficient constitutionally.  See

26 Strickland, 466 U.S. at 687, 694.  His counsel's

27 performance did not fall below an objective standard of

28

6

1 reasonableness.  Petitioner's lawyer inquired with

2 Government counsel early in the case regarding the

3 availability of a fast-track disposition in Petitioner's

4 case and attempted to negotiate such a disposition.  As

5 the Government argues, the decision to offer a fast-track

6 is within the exclusive control of the United States

7 Attorney's Office.  (Opp'n at 5.)  Accordingly, after the

8 Government decided not to offer the requested plea

9 disposition, there was nothing left on this issue for

10 defense counsel to argue to the Court at Petitioner's

11 sentencing hearing.

12

13     As to the second prong under Strickland, Petitioner

14 has failed to show he suffered prejudice as a result of

15 any act or omission of his trial counsel.  See

16 Strickland, 466 U.S. at 687, 694.  Even if Petitioner's

17 counsel had asked the Court for the fast-track four-level

18 downward departure at sentencing, despite Petitioner not

19 being offered a fast-track, the argument would have been

20 futile.  See James v. Borg, 24 F.3d 20, 27 (1994)

21 (counsel's failure to file a futile motion does not

22 constitute ineffective assistance of counsel).  Fast-

23 track sentencing disparities are not sufficient bases for

24 the Court to depart downward under 18 U.S.C. §

25 3553(a)(6).  Gonzalez-Zotelo, 555 F.3d at 741.

26

27

28

7

1     Accordingly, Petitioner has failed to satisfy either

2  prong of the <u>Strickland</u> test for ineffective assistance

3  of counsel.  He has shown no grounds for relief and his

4  Motion is DENIED.  <u>See</u> <u>Strickland</u>, 466 U.S. at 687, 694.

5

6                    **VI. CONCLUSION**

7     For the foregoing reasons, the Court DENIES

8  Petitioner's § 2255 Motion, and dismisses this action

9  with prejudice.

10

11

12  Dated:  July 23, 2009

                                VIRGINIA A. PHILLIPS
13                              United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              8